FULLER v. THE UNKNOWN OWNER OF CERTAIN LANDS.

1. LANDS CANNOT APPEAL. In an action against certain lands, and the unknown owner thereof, to foreclose a tax title, in which the name of no person appeared as a party defendant; *Held*, that the lands cannot appeal, and that when the name of no person appears as appellant, the appeal should be dismissed.

2. PARTIES. An action against the lands to foreclose, may also be entitled against the unknown owner.

3. JOINDER OF TRACTS. Two tracts may be joined in the same action, and if they belong to different owners, that fact must be made to appear.

*Appeal from Winneshiek District Court.*

SATURDAY, OCTOBER 22.

This was a bill brought against certain tracts of land and the unknown owners thereof, to foreclose the right to redeem under a sale for taxes. The decree was rendered in favor of the petitioner. The questions made and the facts upon which they depend, appear in the opinion of the court.

*E. E. Cooley*, for the appellant, relied upon sections 510, 1714, 1679, 1826, of the Code of 1851; *Lot Two v. Swetland*, 4 G. Greene 24; *Pinkney v. Pinkney*, 4 Ib. 324; *Broghill v. Lash*, 3 Ib. 357.

*Smith & Hughes*, for the appellee.

WOODWARD, J.—When the owner of the land is unknown, the law (Code, section 507) permits the action to be brought against the land itself. A notice, publication, &c., are required in a manner similar to that in other actions when the defendant is non-resident. The whole object and intent of these requirements is to ascertain the owner and give him notice. If he is reached and any one appears, it is not expected that the land merely will do so, but that the owner or claimant will make himself known and come in and defend his interest. It is not the intent of the statute that the land shall continue to be the sole defendant; but that the claimant shall make known his claim. The idea of ownership in some one enters into the law, and when one claims to own and defend, he is no longer unknown. The proceedings seek to find a person, and when found, he must make himself known.

Fuller v. The unknown Owners of certain Lands.

A judgment was rendered below by default. An appeal is taken, and by whom? It stands as though the land or unknown owners appealed. No person appears or is made known, but the land cannot appeal. This is the act of the will of some person, and implies that some one is known, who claims to be owner, or to have some other interest. This point was determined in the cases of *Moss* v. *Lot*, 7 *in Block* 2, &c., and *Hull* v. *The Unknown Owners of Lots* 6 *and* 7 *in Block* 9, &c., at the June term, 1859. It was there held that an appeal could not be taken in those names, for that then the owner was known, and he must appear. Although the appellee brings this point into view, he does not distinctly move to dismiss the appeal. Therefore, though he appears to urge it as an objection, we will briefly notice the matters assigned as error:

*First*, It is true that the statute says the action may be against the land; yet, as the law presumes an owner, and as the object of the notices and proceedings is to ascertain him and give him an opportunity to defend, it will not vitiate the action that, besides the land as defendant, it means also the unknown owners of it. This is expressing only what would be implied without it. To get at the owner is the object. A *person* is sought for throughout.

*Second*, The two tracts of land are not improperly joined. This assumes nothing. But to say that they cannot be joined, would be assuming a disability. They may belong to one person, and the contrary is to be shown, if that fact should be of importance.

*Third*, The record shows that the requirements of section 1826 of the Code, was complied with by filing the proper affidavit, stating that the residence of the owner was not known, &c., which would be of course if *he* was not known.

The appeal is dismissed.